UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDY R. SMITH,

                        Plaintiff,

               v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**18-CV-148F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             ELIZABETH ANN HAUNGS, of Counsel
                             6000 North Bailey Avenue, Suite 1A
                             Amherst, New York  14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                    and
                             KRISTINA DANIELLE COHN,
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York  10278
                                    and
                             DENNIS J. CANNING, and
                             SCOTT C. KELLER,
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             601 E. 12TH Street, Room 965
                             Kansas City, Missouri  64106

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 7). The matter is presently before the court on Plaintiff's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed November 12, 2019 (Dkt. 23).

## BACKGROUND

Plaintiff commenced this action on January 26, 2018, pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 31, 2014, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits"). Opposing motions for judgment on the pleadings were filed, Dkt. 8 (Plaintiff's motion), and Dkt. 13 (Defendant's motion), and in a Decision and Order filed June 20, 2019 (Dkt. 17) ("Decision and Order"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner for further proceedings consistent with the Decision and Order. On September 30, 2019, in connection with the remand, Plaintiff applied for and was awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 7,662.45 in fees ("EAJA fees"). On October 27, 2019, the SSA issued a Notice of Award granting Plaintiff disability benefits including $ 91,355.52 in retroactive benefits, of which 25 % or $ 22,838.88 was withheld to pay attorney fees. On November 12, 2019, Plaintiff filed the instant motion pursuant to 42 U.S.C. § 406(b), seeking $ 22,838.88 in attorney fees, and indicating the EAJA

fees had yet to be received.  In response (Dkt. 25), the Commissioner argues an award of $ 22,838.88 would result in an unreasonable hourly rate but does not otherwise oppose the motion.

## DISCUSSION

As relevant to the instant motion, the Act provides

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) call for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Id.*  Contingent fee agreements are also entitled

---

[2] A copy of the Fee Agreement is filed as Dkt. 23-5.

to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in "the interest in assuring that attorneys continue to represent clients such as the plaintiff." *Gisbrecht*, 535 U.S. at 805. Nevertheless, contingent fee agreements "are unenforceable to the extent that the provide for fees exceeding 25 percent of the past-due benefits." *Id.* As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney. *Wells*, 907 F.2d at 372. The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel affected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee. *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808). Here, the Commissioner's challenge to the attorney fee request is limited to the "*de facto*" hourly rate obtained by dividing the requested fee by the total hours counsel expended on the matter in this court, which the Commissioner maintains represents a windfall to counsel and, as such, is unreasonable. Dkt. 25 at 3-4.

In particular, Plaintiff's counsel requests as attorney fees $ 22,838.88, *i.e.*, 25% of the $ 91,355.52 retroactive disability benefits granted Plaintiff in the Notice of Award.

Plaintiff's counsel asserts she expended a total of 37.2 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the 868 page administrative record, preparing and filing the complaint, preparing Plaintiff's motion for judgment on the pleadings and the accompanying memorandum of law, reviewing Defendant's motion for judgment on the pleadings, and drafting the reply. Dkt. 23-2 at 2-3. Dividing the requested fee of $ 22,838.88 by 37.2 hours results in an hourly rate of $ 613.95. Although this rate at first glance seems a little high, it does not result in a windfall to counsel.

Specifically, counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. The memorandum of law Plaintiff's counsel prepared in connection with Plaintiff's motion for judgment on the pleadings was comprehensive and highlighted several evidentiary matters critical to Plaintiff's disability benefits claim the ALJ failed to address, as well as that the ALJ made the disability determination despite admitting he was aware that the record was incomplete. Plaintiff's counsel also pointed out the absurdity of the ALJ's determination that Plaintiff could perform a job requiring unlimited interactions with coworkers and supervisors despite repeated and uncontroverted psychological records indicating Plaintiff had significant issues with impulsivity and acting out in a violent manner, with little to no insight into such impairments. Based on the thoroughness of Plaintiff's counsel's work, which resulted in obtaining disability benefits for Plaintiff, the court does not find the requested fee award is unreasonable.[3] Indeed, this court has approved

---

[3] Notably, the 25% statutory cap is lower than the one-third contingent fee arrangement typical for personal injury actions. Furthermore, the higher hourly rate in this case is largely attributed to the fact

under § 406 attorney fee awards representing much higher hourly rates. *See*, *e.g.*, *McDonald v. Commissioner of Social Security*, 2019 WL 1375084, at * 2-3 (W.D.N.Y. Nov. 7, 2019) (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).[4] Furthermore, the 25% award is consistent with the contingent fee agreement which is entitled to some deference. *Wells*, 907 F.2d at 371.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for attorney fees under § 406(b) (Dkt. 23) is GRANTED; Plaintiff is awarded $ 22,838.88 in fees. The Commissioner is directed to release the funds withheld from Plaintiff's retroactive benefits award. If Plaintiff's attorney has received any portion of the EAJA fees award, Plaintiff's attorney is directed to remit such fees to Plaintiff.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        January 8, 2020
                    Buffalo, New York

---

that Plaintiff initially applied for disability benefits in March 2014, yet was not awarded any benefits until October 2019, such that the attorney fee award is calculated based on more than five years of retroactive benefits Plaintiff eventually received.

[4] The court notes the cases on which Defendant relies in support of the windfall argument, Dkt. 25 at 4, are not from this court.